## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| GLENWOOD FARMS, INC., et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Docket No. 03-217-P-S |
| | ) | |
| GARVE IVEY, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION ON MOTION OF DEFENDANT STEVE BERMAN TO DISMISS

Steve Berman was added as a defendant in the first of the two cases that make up this consolidated action by order of the court dated February 22, 2005. Docket No. 125. He was a named defendant from the inception of the second of the cases. Complaint ("Tear of the Clouds Complaint") (Docket No. 1 in Civil Docket No. 05-30-P-S). Before the cases were consolidated, the plaintiffs' motion for leave to amend the complaint in the first action to, *inter alia*, add Berman as a defendant was granted, Docket Nos. 118, 125, over the objections of other defendants in that action, Docket Nos. 106, 109. As I stated in my decision on that motion, the defendants then named contended that this court lacked personal jurisdiction over Berman. Memorandum Decision on Plaintiffs' Motion to Amend Complaint ("Amendment Decision") (Docket No. 118) at 2. Referring to Judge Singal's decision on the motion of those defendants to dismiss on the ground that this court lacked personal jurisdiction over them, Findings of Fact and Conclusions of Law ("Order") (Docket No. 77), I concluded that there was no basis set forth in the proposed amended complaint to differentiate between Berman and Thomas Sobol, a defendant already named and an attorney at the same law firm,

1

for purposes of the exercise of this court's personal jurisdiction, Amendment Decision at 3-4. Now Berman seeks dismissal of the claims against him by the plaintiffs in both of the consolidated actions, in virtually identical motions, asserting that this court lacks personal jurisdiction over him and that venue in this court is improper for any claims asserted against him individually. Defendant Steve Berman's Motion to Dismiss Glenwood Farms, Inc. and Carrabassett Spring Water Company, Inc.'s Complaint ("First Berman Motion") (Docket No. 151) at 3-17; Defendant Steve Berman's Motion to Dismiss Tear of the Clouds, LLC's Complaint ("Second Berman Motion") (Docket No. 152) at 3-17.

The amended complaint in the first action and the complaint in the second action are essentially identical, both in substance and in their specific references to Berman. *Compare* Tear of the Clouds Complaint *with* [First] Amended Complaint and Demand for Jury Trial (Docket No. 119). Berman acknowledges this court's ruling on the issue of personal jurisdiction as it applies to the other defendants, but contends that "any determination that this Court has personal jurisdiction over Defendant Sobol or [the law firm in which both Berman and Sobol are members] cannot provide the grounds for a decision that this Court has personal jurisdiction over Defendant Berman" because a court must "determine the question of jurisdiction separately as to each defendant." First Berman Motion at 4; Second Berman Motion at 4. Even if that is the case, Berman offers no persuasive reason why he should be distinguished from the other defendants with respect to the contacts found sufficient by this court to exercise personal jurisdiction over Sobol and the law firm. *See* Order at 14-18. I recommend that the motions to dismiss for lack of personal jurisdiction be denied.

Berman's two motions also present identical arguments in support of his contention that venue in this court is not proper for any claims asserted against him. First Berman Motion at 13-17; Second Berman Motion at 13-17. This issue was not considered in this court's action on the motion to dismiss filed by the other defendants. However, Judge Singal did find specifically that

> the claims underlying this litigation directly relate to Defendants' activities in Maine. Plaintiffs press both contract claims and tort claims in the pending case. With respect to the contract claims, there is no doubt that Defendants' activities were "instrumental" in the formation of the representation agreements. . . .
> With respect to Plaintiffs' tort claims, the Court is also satisfied that the claimed injuries would not have occurred but for the Defendants' activity in Maine and that Defendants' conduct directed at Maine gave rise to Plaintiffs' tort claims. The Court reaches these conclusions while acknowledging that Defendants' activities outside of Maine also contributed to the allegations that form the basis for Plaintiffs' tort claims. Nonetheless, the Court concludes that the relatedness prong is amply satisfied on the facts presented.

Order at 15-16. The applicable statute provides, in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Berman and the plaintiffs focus appropriately on subsection (2) of this venue statute. First Berman Motion at 13; Second Berman Motion at 14; Plaintiffs' Objection to Defendant Steve Berman's Motion to Dismiss, etc. ("Opposition") (Docket No. 154) at 13-14.[1] Berman contends that "even the actions that Plaintiffs allege that Defendants Sobol, Ivey, Hagens Berman, and Ivey & Ragsdale took are not substantial events or omissions that took place within the State of Maine." First Berman Motion at 14; Second Berman Motion at 15. This argument is precluded by Judge Singal's finding quoted above and his finding that all of the attorney defendants "held themselves out to the Plaintiffs and to other members of the public as joint venturers for purposes of the Poland Spring Litigation." Order at 14.

---

[1] Plaintiff Tear of the Clouds, LLC, adopts the arguments of the remaining defendants. Plaintiff Tear of the Clouds, LLC's Objection to Defendant Steven [sic] Berman's Motion to Dismiss, etc. (Docket No. 160) at 1, 4.

The purpose of statutorily specified venue is "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 US. 173, 183-84 (1979) (emphasis omitted).

> [M]any circuits have interpreted the legislative history of the 1990 amendment [to 28 U.S.C. § 1391(a)(2), changing "the judicial district . . . in which the claim arose" to "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred"] as evincing Congress's recognition that when the events underlying a claim have taken place in different places, venue may be proper in any number of districts.

*Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001) (adopting this interpretation). Berman's partner, Sobol, and his law firm, Hagens Berman, are defendants in this action and are represented by the same counsel who represent Berman. Docket. Berman cannot claim that the District of Maine is either an unfair or inconvenient place of trial under the circumstances. The District of Maine is merely one of the districts where venue is proper for the claims against all of the defendants in these consolidated actions.

For the foregoing reasons, I recommend that Berman's motions to dismiss be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 16th day of May, 2005.

                                          /s/ David M. Cohen
                                          David M. Cohen
                                          United States Magistrate Judge