*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

*GLENWOOD FARMS, INC., et al.,*       )
                                      )
      *Plaintiffs*                  )
                                      )
*v.*                                  )      *Docket No. 03-217-P-S*
                                      )
*GARVE IVEY, et al.,*                 )
                                      )
      *Defendants*                  )

*MEMORANDUM DECISION ON DEFENDANTS' MOTION TO CONFIRM*
*CONFIDENTIAL DESIGNATIONS*

The defendants move for an order confirming their designation as confidential the transcripts of the depositions of Mssrs. Garrod and Schwartz. Defendants' Motion to Confirm Confidential Designations ("Motion") (Docket No. 159) at 1. The motion was made pursuant to the terms of a confidentiality order entered in this case. That order provides that a party may designate as confidential documents produced or disclosed in the action and portions of depositions. Confidentiality Order ("Order") (Docket No. 53) ¶¶ 3-4. The parties in this case have attempted to resolve the plaintiffs' challenge to the defendants' designation without success. Motion at 1; *see* Order ¶ 8(b). The plaintiffs point out in their opposition that the defendants' motion necessarily applies to the settlement agreement entered into in several class actions that involved the employers of Garrod and Schwartz. Plaintiffs' Objection and Memorandum of Law in Opposition to Defendants' Motion to Confirm "Confidential" Designations (Docket No. 170) at 1. By the terms of the confidentiality order, the party asserting confidentiality bears the burden of proving the necessity of

1

such a designation. Order ¶ 8(a).[1] The defendants in the Motion do not carry that burden and in fact attempt to shift the burden of proof to the plaintiffs. Thus, except as indicated otherwise herein, the documents that are the subject of the plaintiffs' challenge notice shall no longer be designated as confidential information.

The motion will nonetheless be granted as to the monetary figures set forth in the Class Action Settlement Agreement and as the same may have been recited in the deposition testimony at issue. *See* Plaintiffs' Objection and Memorandum of Law in Opposition to Defendants' Motion to Confirm "Confidential" Designations (Docket No. 170) at 3 n.2. That footnote identifies the specific information which Jeffrey Garrod, on behalf of his employer, seeks to keep from public disclosure at this time. This degree of protection should be allowed to a non-party whose deposition has been taken notwithstanding the failure of the moving party to identify that information in its motion to confirm its designation of the entire depositions as confidential.

For the foregoing reasons, the defendants' motion to confirm confidential designations is **GRANTED** as to the monetary figures set forth in the Class Action Settlement Agreement and as the same may have been recited in the transcripts of the depositions of Garrod and Schwartz and otherwise **DENIED**.

Dated this 31st day of May, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

[1] The court's Form Confidentiality Order, which a party or parties seeking an order governing the production and use of confidential documents and information in a pending case are now required to use, *see* Local R. 26(d), states that a party in the position of the defendants here has "the burden to show good cause for the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation."