UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **GLENWOOD FARMS, INC., et al.,** | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | *Docket No. 03-217-P-S* |
| | ) | |
| **GARVE IVEY, et al.,** | ) | |
| | ) | |
| *Defendants* | ) | |

### *MEMORANDUM DECISION ON MOTION TO STRIKE*

Plaintiffs Glenwood Farms, Inc. and Carrabassett Spring Water Company, Inc., move for an order prohibiting the defendants from offering Phillip Johnson as an expert witness in this case. Plaintiffs' Motion to Strike Expert Testimony of Philip [sic] Johnson ("Motion") (Docket No. 181) at 1. In the alternative, the moving plaintiffs ask the court to strike almost all of the changes or additions made by Johnson to his recorded deposition testimony after the transcript of the deposition was made available to him. *Id*. at 2.

The moving plaintiffs complain only of what they characterize as changes made by Johnson to his deposition testimony after the deposition was concluded. *Id. passim.* The only case law they cite, *id*. at 5 & Plaintiffs Glenwood Farms, Inc. and Carrabassett Spring Water Company, Inc.'s Reply Memorandum, etc. (Docket No. 218) at 1-2, essentially strikes certain amended deposition testimony from the record; neither case supports the draconian sanction sought by the moving plaintiffs here, *Greenway v. International Paper Co*., 144 F.R.D. 322, 325 (W.D. La. 1992); *Burns v. Board of County Comm'rs of Jackson County*, 330 F.3d 1275, 1282 (10th Cir. 2003).

The applicable procedural rule provides:

1

> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them.

Fed. R. Civ. P. 30(e). Changes in the substance of a deponent's testimony are contemplated by the rule. A substantial body of case law holds that, so long as the deponent gives reasons for changes or additions to his deposition testimony under the terms of Rule 30(e) and the original testimony remains in the transcript, no action by the court is indicated. *E.g., Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997); *Rios v. AT&T Corp.*, 36 F.Supp.2d 1064, 1067 (N.D.Ill. 1999). *See also* 8A C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 2118 (2d ed. 1994). In fact, the court need not examine the sufficiency, reasonableness or legitimacy of the reasons given. *Podell*, 112 F.3d at 103; *Duff v. Lobdell-Emery Mfg. Co.*, 926 F. Supp. 799, 803-04 (N.D. Ind. 1996). This court has already so held. *Great N. Storehouse, Inc. v. Peerless Ins. Co.*, 2000 WL 1901266 (D. Me. Dec. 29, 2000) at *2. This makes it unnecessary to consider the moving plaintiffs' attack on the reasons given by Johnson for his changes and additions. Motion at 2-4.

Should the deponent testify at trial, or should a party seek to use the deponent's testimony in connection with a motion for summary judgment, the opposing party may cross-examine the deponent or challenge the motion for summary judgment using any inconsistencies in the deponent's recorded testimony. *See generally Foutz v. Town of Vinton*, 211 F.R.D. 293, 294-95 (W.D. Va. 2002). The other remedy available to the party that took the deposition, if the substantive post-deposition changes warrant, is re-opening of the deposition. *E.g., id.* at 295; *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F.Supp.2d 95, 119-20 (D. Mass. 2001); *United States ex rel. Burch v. Piqua Eng'g, Inc.*, 152 F.R.D. 565, 566-67 (S.D. Ohio 1993). The moving plaintiffs have not requested such relief here.

I have reviewed each of the changes and additions made by Johnson that is challenged by the moving plaintiffs. Motion at 3, 5 n.4. Each is accompanied by an explanation. Errata Sheets, Deposition of Phillip E. Johnson, Exh. B to Motion. The relief requested is not available in the view of the majority of the courts that have addressed this issue. I find that reasoning persuasive.

The motion is **DENIED**.


Dated this 30th day of June, 2005.


                                                         /s/ David M. Cohen
                                                         David M. Cohen
                                                         United States Magistrate Judge