*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| **GLENWOOD FARMS, INC., et al.,** ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | |
| v. ) | Docket No. 03-217-P-S |
| ) | |
| **GARVE IVEY, et al.,** ) | |
| ) | |
| *Defendants* ) | |

*MEMORANDUM DECISION ON MOTIONS TO EXCLUDE TESTIMONY*

Defendants Thomas M. Sobol, Steve Berman and Hagens Berman Sobol Shapiro LLP move to exclude the testimony of Nancy Fannon, an expert witness offered by the plaintiffs. Defendants' Motion to Exclude Proffered Expert Opinions of Nancy Fannon ("Fannon Motion") (Docket No. 240). All defendants seek to exclude the testimony of Jon S. Oxman, Esq., also an expert witness offered by the plaintiffs. Defendants' Motion to Exclude Proffered Opinions of Jon S. Oxman, Esq. ("Oxman Motion") (Docket No. 239). I deny both motions.

The moving defendants contend that Fannon's proffered testimony is based on a "methodology [that] remains not only untestable, it is unreliable as a generally accepted methodology in any field of economics or otherwise." Fannon Motion at 2. Specifically, they assert that "[a]bout all Ms. Fannon did do was take [the plaintiffs'] alleged damages . . . and 'present value' those damages to the date of when this lawsuit commenced." *Id*. at 3. They argue that Fannon should instead have used the "business valuation" method "to reach an opinion on the 'value' of" the assumed terms "of a business contract to Glenwood and Carrabassett in June of 2003." *Id*. at 2. With respect to Oxman, the moving defendants contend that his proffered testimony is unreliable because "he has neither experience with

1

nor knowledge of the duties and obligations, or the role of, class counsel in any setting." Oxman Motion at 2.  Because Oxman testified that "I'm not an expert in class ethics," they assert that he "is therefore unqualified to proffer expert opinion testimony in this case." *Id*. at 3.

The plaintiffs respond that the moving defendants are mischaracterizing the proffered testimony of each expert.  Plaintiffs' Opposition to Defendants' Motion to Exclude Expert Opinions of Nancy Fannon, etc. ("Fannon Opposition") (Docket No. 275) at 4;  Plaintiffs' Opposition to Defendants' Motion to Exclude Expert Opinions of Jon Oxman, etc. ("Oxman Opposition") (Docket No. 276) at 3.  Fannon was not asked to perform a business valuation.  Fannon Opposition at 4.  The plaintiffs' claims are based on the defendants' alleged breach of duties owed to them as individual clients, not duties owed to a potential class of plaintiffs.  Oxman Opposition at 3; 1st Amended Complaint, etc. (Docket No. 119) ¶¶ 50-187.

Discussion of motions to exclude expert testimony must begin with *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).  *Daubert* is often characterized as establishing the trial court as the "gatekeeper" for expert testimony.  *See* 509 U.S. at 589 n.7.  While it is now clear that the trial court's general "gatekeeping" function with respect to expert testimony that was set forth in *Daubert* apples to all expert testimony, not just that based on scientific knowledge, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), it is also clear that the specific analytic factors listed in *Daubert* "neither necessarily nor exclusively appl[y] to all experts or in every case," *id*.  Relevant reliability concerns may focus on personal knowledge or experience, not just scientific principles.  *Id.* at 148-49.  "[T]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony,"  *Id*. at 150 (quoting with approval from the brief for the United States as *amicus curiae*).

"[W]hether *Daubert*'s specific factors are, or are not, reasonable measurers of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id*. at 153.

With respect to Fannon, the moving defendants essentially argue that use of a different methodology would have yielded a more reliable result. Fannon Motion at 2-3; Defendants' Reply Memorandum in Support of Motion to Exclude Proffered Opinions of Nancy Fanon (Docket No. 287) at 2-3. This argument goes to the weight of Fannon's testimony, not its admissibility. *See Cummings v. Standard Register Co.*, 265 F.3d 56, 65 (1st Cir. 2001). The motion as to Fannon is denied.

With respect to Oxman, the moving defendants refine their characterization of the plaintiffs' claims as being those of "a consumer class entity" as distinguished from "a corporate entity," Defendants' Reply Memorandum in Support of Motion to Exclude Proffered Opinions of Jon S. Oxman, Esq. (Docket No. 288) at 2. However, this characterization of the basis of the plaintiffs' claims is no more accurate than the defendants' initial, more general characterization. As the defendants themselves observe, what is at issue in this case is how the defendant lawyers carried out their duties to the plaintiffs. *Id*. at 3. Evaluation of this question does not require that the expert witness have experience or specific training in class action litigation. The lack of such experience or training may go to the weight to be given the expert's testimony; that is a matter for the parties to argue to the factfinder. Admissibility of that testimony is not at issue on the basis argued by the defendants. The motion as to Oxman is denied as well.

Dated this 23rd day of August 2005.

        /s/ David M. Cohen
        David M. Cohen
        United States Magistrate Judge