UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLENWOOD FARMS, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket No. 03-CV-217-P-S |
| GARVE IVEY, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER AFFIRMING THE
MEMORANDUM DECISION OF THE MAGISTRATE JUDGE

The United States Magistrate Judge filed his Memorandum Decision on Plaintiffs' Motion for Attachment on July 26, 2005 (Docket # 270). Plaintiffs Glenwood Farms and Carrabassett Spring (together, "Plaintiffs") filed their Objection to the Memorandum Decision on August 2, 2005 (Docket # 277). Defendants Thomas Sobol, Steve Berman, and the firm of Hagens Berman Sobol Shapiro LLP (together, "Defendants") filed their Response to that Objection on August 18, 2005 (Docket # 291).

The Court has reviewed and considered the Magistrate Judge's Memorandum Decision, together with the entire record. First and foremost, the Court finds no basis for concluding that the decision of the Magistrate Judge is clearly erroneous or contrary to law. To the extent the Court might be required to consider any of the issues raised by Plaintiffs' objections *de novo*, the Court generally concurs with the decision of the Magistrate Judge for the reasons explained in his Memorandum Decision.

1

However, with respect to any *de novo* review of the "battle of the experts" issue,[1] the Court has reviewed and considered the expert opinions provided in the supporting exhibits as well as the materials relied upon by each expert in reaching his or her opinions. After fully considering the credibility and relative weight that should be accorded to the opinions expressed by each expert, the Court alternatively concludes that Plaintiffs have not satisfied the necessary standard for an attachment. In short, the Court simply cannot conclude based on the current record that Plaintiffs are more likely than not going to recover an amount equal to or greater than $9,880,000 from Defendants.

Rather, the current record only establishes that Plaintiffs' claims involve a series of complex legal and factual issues that are not easily resolved in the context of a summary attachment hearing. See Porrazzo v. Karofsky, 714 A.2d 826, 828 (Me. 1998). Because it is far from clear that any or all of these complex issues will ultimately be resolved in Plaintiffs' favor, the Court cannot hold that Plaintiffs are more likely than not going to recover an amount equal to or greater than $9,880,000 from Defendants. Of course, the record developed for trial may ultimately justify a judgment against Defendants in excess of $5,000,000 and this holding in no way precludes that possibility.

Ultimately, having considered all of the objections put forth by Plaintiffs, the Court concludes that these objections are without merit and determines that no further proceeding is necessary. It is therefore ORDERED that:

1. The Memorandum Decision of the Magistrate Judge (Docket # 270) is hereby AFFIRMED as clarified above.

2. Plaintiffs' Motion for Attachment (Docket # 146) is hereby DENIED.

---

[1] See Memorandum Decision (Docket # 270) at 6.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 6th day of October, 2005