UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLENWOOD FARMS, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GARVE IVEY, et al., )<br>)<br>Defendants. )<br>) | Docket No. 03-CV-217-P-S |

**ORDER REGARDING THE *RAMSEY* SETTLEMENT**

Before the Court is Plaintiffs' Motion in Limine to Exclude Attacks on the Integrity of the Class Action Settlement Approved by the Illinois Court (Docket # 368). The Court GRANTS IN PART this Motion.

To the extent that Defendants are going to defend this action by arguing that the "Wednesday Night Deal" was not viable and would not have received judicial approval,[1] Defendants open the door to Plaintiffs presenting evidence of the approval of the *Ramsey* Settlement by the Illinois state court. Defendants may, of course, respond by presenting evidence and argument that there are significant differences between the approved Ramsey Settlement and the proposed "Wednesday Night Deal." The Court will also allow limited evidence on Defendants' objections to the *Ramsey* settlement subject to F.R.E. 403 and 611.

---

[1] Defendants' Trial Management Conference Memorandum indicates that attacking the "nationwide consumer class action component of the Schlichtmann proposal" as "procedurally and substantively fatally defective" is a significant part of their defense strategy. (Defs.' Trial Management Mem. (Docket # 380) at 2-3.) If Defendants decide that they will not present evidence or argument challenging the viability and likelihood of receiving judicial approval for the class action component of this settlement, they shall so inform the Court. Under these circumstances, the Court would likely restrict Plaintiffs from presenting evidence regarding the *Ramsey* Settlement under F.R.E. 403.

However, the fact that even after the *Ramsey* settlement received court approval, Defendants or other witnesses consider the approval of the *Ramsey* settlement to be a "farce" or "sham" is simply irrelevant to the question of whether the settlement did, in fact, receive judicial approval. Thus, any such evidence or argument that another court at another time would not have approved the settlement is hereby excluded under F.R.E. 402 & 403. Both sides should be aware that this Court cannot and will not allow this case to become focused on the presentation of irrelevant and confusing evidence regarding other class action litigation or the "abuses" that led to the passage of the Class Action Fairness Act of 2005. Rather, the Court expects both sides to limit their evidence and argument to the issues related to the viability of the class action settlement that was proposed as part of the "Wednesday Night Deal" (also referred to as the "Schlichtmann Proposal").

As just explained, Plaintiff's Motion seeking a pretrial ruling on the admissibility of attacks on the Ramsey Settlement is GRANTED IN PART and DENIED IN PART. This ruling is made without prejudice to Plaintiffs renewing their objections at trial.

SO ORDERED.

                                                /s/ George Z. Singal
                                                Chief U.S. District Judge

Dated this 1st day of March 2006.