UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLENWOOD FARMS, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket No. 03-CV-217-P-S |
| GARVE IVEY, et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER ON REFERENCES TO "DUTY TO THE CLASS"**

Before the Court is Plaintiffs Motion in Limine to Exclude References to Duties "to the Class" and Duties to Class Representatives Other than Lori Ehrlich (Docket # 367). As explained below, the Court GRANTS IN PART and DENIES IN PART this Motion.

To the extent this Motion seeks to prevent Defendants from taking the stand at trial and making reference to their own perception that they had a "duty to the class" prior to the filing of any actual class action complaint, the Motion is DENIED. Defendants are free to testify that in their judgment they owed a "duty to the class" and attempted to act in a manner consistent with that perceived duty. Defendants are also free to argue in their opening statements that they were acting in accordance with a perceived duty to the class during the settlement negotiations with Poland Spring.

However, the Court will not allow Defendants to argue or state that as a matter of law they had a fiduciary duty to the class prior to their actual filing of any class action complaint. Thus, Defendants shall not be permitted to argue in their opening statements

or give any expert testimony that they had a fiduciary duty to the class that was the same as the fiduciary duty they had to Plaintiffs and their other clients with which they had explicit representation agreements. To the extent that Plaintiffs' Motion sought to exclude such argument or statements of law by counsel and/or witnesses, the Motion is GRANTED.

Although this Motion seeks an evidentiary ruling, it also raises a question of law: when does an attorney who purports to represent a class of plaintiffs actually develop a duty to this "class client"? Federal Rule of Civil Procedure contemplates that an attorney becomes counsel to a class by being appointed by the Court after the class is certified. See Fed. R. Civ. P. 23(g). However, Rule 23 also contemplates that "an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole." Fed. R. Civ. P 23(g), 2003 Advisory Committee Notes. In this case, both sides seem to agree that a duty to the class would exist upon the filing of a complaint seeking relief on behalf of the class. However, they disagree on whether such a duty exists prior to the filing of such a complaint.

The parties are free to submit proposed jury instructions, along with supporting authority, on this legal question. After reviewing any proposed instructions and hearing the testimony given in light of the above evidentiary ruling, the Court will make a final decision regarding its final instruction to the jury on this legal issue.

SO ORDERED.

          /s/ George Z. Singal
          Chief U.S. District Judge

Dated this 1st day of March, 2006.