UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLENWOOD FARMS, INC., et al., ) ) ) ) Plaintiffs, ) ) v. ) ) GARVE IVEY, et al., ) ) Defendants. ) ) | Docket No. 03-CV-217-P-S |

**ORDER ON "THE SCHLICHTMANN PROPOSAL"**

Before the Court is Defendants' Trial Brief on Exclusion of Plaintiffs' Claims for Loss of the Schlichtmann Proposal (Docket # 381). Having considered this submission as well as the two objections received from Plaintiffs (Docket #s 399 & 417), the Court now offers the following ruling in hopes of clarifying the law that will be applied in the upcoming trial. To the extent Plaintiffs' Objections to Defendants' Trial Brief (Docket #s 399 & 417) ask this Court to allow Plaintiffs' claims for loss of the Schlichtmann Proposal to be presented to the jury, the Objections are hereby GRANTED.

In light of the many motions in limine that hinge on the issues raised in Defendants' Trial Brief, the Court believes the proper course is to generally address these legal issues at this time in order to allow the parties to prepare the presentations for the upcoming jury trial. However, the Court notes at the outset that the merits of the legal arguments presented in Defendants' Trial Brief depend in large part on what the preponderance of the evidence actually establishes at trial.[1] Thus, while offering these

---

[1] Notably, Plaintiffs' Objection to Defendants' Trial Brief (Docket # 417) devotes more than three pages to misstatements they allege are found in Defendants' Trial Brief. (See Pls.' Obj. (Docket # 417) at 3-6.)

requested pretrial rulings, the Court reserves its final ruling on the applicable law for the final jury instructions.

In this case, Plaintiffs claim that they lost a settlement opportunity as a result of Defendants' legal malpractice. As damages, they seek to have themselves restored to the position they would have been in if the settlement had been consummated. The parties refer to this settlement opportunity as "the Schlichtmann Proposal" and "the Wednesday Night Deal" interchangeably. The precise facts concerning both the substance and timing of this settlement opportunity remain to be established at trial. However, even assuming Plaintiffs can prove that it is more likely than not that the Schlichtmann Proposal would have been finalized but for Defendants' malpractice, Defendants argue that the loss of a settlement opportunity alone should not form the basis for liability and damages on a claim of legal malpractice. While it does not appear that the Law Court has had an opportunity to address this particular theory of legal malpractice, this Court concludes, as the First Circuit has, that Maine would recognize that a legal malpractice claim can be premised upon a lost settlement opportunity with the damages premised upon the settlement value. See Moores v. Greenburg, 834 F.2d 1105, 1107-08 (1st Cir. 1987); see also Jack H. Simmons et al., Maine Tort Law § 9.28 (2004).

Defendants attempt to distinguish the Schlichtmann Proposal from the garden-variety settlement opportunity alleging that the Schlichtmann Proposal does not reflect a fair settlement value because it was a "leveraged global settlement." This argument simply confuses the issue. For purposes of a legal malpractice claim, Plaintiffs need not prove that the settlement opportunity they had was objectively fair, only that the settlement would have been consummated but for Defendants' negligence. Thus, if the

evidence at trial proves that the settlement opportunity made available to Plaintiffs was linked to various other requirements (e.g., approval of a consumer class action settlement), then Plaintiffs need only show by a preponderance of the evidence that those requirements would have been met.  If Defendants believe that the credible evidence ultimately presented at trial does not establish that the Schlichtmann Proposal was a definite, viable settlement that would have been finalized and resulted in Plaintiffs actually receiving the payments promised under the deal, they may utilize Federal Rule of Civil Procedure 50 to argue that the settlement opportunity Plaintiffs had was speculative.

Turning to Defendants' argument that the Schlichtmann Proposal violated ethical rules regarding restrictions on the right to practice, Defendants simply have not shown that the Schlictmann Proposal in fact violated these particular ethical rules.  Thus, at this point, the Court believes this argument is irrelevant and meritless.  To properly invoke Rule 5.6 as a defense to Plaintiffs' claims, Defendants would need to prove that the Schlichtmann Proposal violated Rule 5.6 and thereby restricted their right to practice beyond the implicit restrictions found in other rules, such as Rule 1.7, Rule 1.9 or Rule 1.10.  In addition, Defendants would need to prove that their actions in response to a proposal containing a violation of Rule 5.6 were in line with the standard of care.  Only under these circumstances would Defendants have a basis for asserting a Rule 5.6 violation in the settlement proposal as a defense to Plaintiffs' claims of legal malpractice.  On the record currently available to the Court, there appears to be no basis for Defendants to invoke Rule 5.6 as a defense for the actions they allegedly took.  Thus, absent some additional proffer, the Court hereby excludes Defendants from arguing or presenting evidence that the Schlichtmann Proposal involved a violation of Rule 5.6.

Finally, to the extent that the final portion of Defendants' Trial Brief is devoted to reiterating the arguments also made in Defendants' Motion in Limine to Exclude Plaintiffs' Damages for the Lost "Take or Pay" Contracts on the Grounds that the Contracts Would Have Violated Antitrust Laws and are Therefore Unenforceable (Docket # 383), the Court hereby incorporates its Order on Alleged Antitrust Violations, which is being filed on this same date.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 1st day of March, 2006.