UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLENWOOD FARMS, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GARVE IVEY, et al., )<br>)<br>Defendants. )<br>) | Docket No. 03-CV-217-P-S |

**ORDER ON ALLEGED ANTITRUST VIOLATIONS**

Before the Court is Defendants' Motion in Limine to Exclude Plaintiffs' Damages for the Lost "Take or Pay" Contracts on the Grounds that the Contracts Would Have Violated Antitrust Laws and are Therefore Unenforceable (Docket # 383). The Motion is DENIED. Plaintiffs will be allowed to present damages evidence at trial based on the lost "take or pay" contracts that they were offered in connection with the Schlichtmann Proposal.

To the extent Defendants sought summary judgment based on the antitrust violation argument, the Court previously concluded that this argument did not entitle Defendants to a judgment as a matter of law based on the presented record. (See Order Affirming Rec. Dec. (Docket # 352) & Rec. Dec. (Docket # 334) at 42.) The Court incorporates that previous ruling into its ruling on the present motion. In the context of this case, the issue of whether the proposed "take or pay" contracts that were allegedly part of the Schlichtmann Proposal violated any aspect of the Sherman Act is a legal question. Based on the proffers made in connection with the current motion, the Court

1

does not believe Defendants have established either (1) that the Schlichtmann Proposal constituted a violation of any portion of the Sherman Act or (2) that any antitrust violation would have prevented the consummation of the Schlichtmann Proposal. Thus, the Court will not allow Defendants to inject the legal issue of alleged antitrust violations into the jury question of whether the Schlichtmann Proposal represented a settlement opportunity that would have been consummated. This antitrust argument, which on the current record does not have an adequate legal basis, will serve only to confuse and mislead the jury. In light of this ruling, Defendants' opening shall not include any argument that alleged antitrust violations would have prevented the consummation of the Schlichtmann Proposal or that the Schlichtmann proposal, in fact, violated antitrust law.

To the extent that it is undoubtedly relevant to the standard of care, the Court will allow Defendants to present Attorney Sobol's June 18, 2003 letter[1] as well as any related testimony, that it was Sobol's "good faith judgment" at the time that the deal raised antitrust concerns.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 1st day of March 2006.

---

[1] A copy of this June 18, 2003 letter was attached to Defendants' Reply (Docket # 429).