## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| GLENWOOD FARMS, INC., et al., ) ) ) ) Plaintiffs, ) ) v. ) ) GARVE IVEY, et al., ) ) ) Defendants. ) ) | Docket No. 03-CV-217-P-S |

### ORDER ON PLAINTIFF'S MOTION CHALLENGING EXPERT LIABILITY TESTIMONY

Before the Court is Plaintiff Tear of the Clouds LLC's Motion in Limine to Exclude Expert Liability Testimony (Docket # 379). The Court hereby DENIES this Motion.

In these motion papers and at the March 1, 2006 conference of counsel, Counsel for Tear of the Clouds has clearly asserted its position regarding its claims; namely, that its case is primarily a case for breach of fiduciary duty and that no expert testimony is necessary to establish this claim for breach of fiduciary duty. More specifically, in its Reply Memorandum, Plaintiff Tear of the Clouds proffers that its case simply asks: "[D]id the Defendants breach a fiduciary duty to their client Tear of the Clouds LLC by disregarding its clear directive to accomplish the settlement with Nestle and by taking affirmative steps to forever scuttle the settlement[?]" (Pl.'s Reply (Docket # 421) at 2.)

The Court has found no Maine case definitively stating that expert testimony is not necessary or allowed in cases alleging legal malpractice based on a breach of fiduciary duty. Rather, Maine generally requires expert testimony in legal malpractice cases with an exception for when "the breach . . . is so obvious that it may be determined by the Court as a matter of law,

1

or is within the ordinary knowledge and experience of laymen.'" Mitchell v. Jackson, 627 A.2d 1014, 1017 (Me. 2001).  Under existing Maine law, this is the only exception under which a plaintiff can establish a legal malpractice claim without expert testimony.  It appears that this exception applies regardless of whether the legal malpractice claim is premised on a breach of the fiduciary duties of loyalty and confidentiality or some other breach of the applicable standard of care.  See generally Jack H. Simmons et. al., Maine Tort Law § 9.27 (2004 Edition) (explaining that "[t]he duty running from an attorney to her client to exercise skill, prudence and diligence is augmented by the basic fiduciary obligations of undivided loyalty and confidentiality").

Based on the above proffer, it is possible that Tear of the Clouds will present one of those exceptional cases.  Certainly, it stands to reason that claims that fall under the rubric of breach of fiduciary duty as compared to garden-variety negligence claims may be more likely to fall within this exception.  See, e.g., Mangan v. Rumo, 226 F. Supp. 2d 250, 264 (D. Me. 2002) (finding no expert was required on a breach of fiduciary duty claim).  Plaintiff Tear of the Clouds is certainly free to go to trial by relying on this exception to the general expert testimony requirement, subject to the Court possibly granting Defendants judgment as a matter of law if it determines that Tear of the Clouds ultimately does not fit within this exception.  However, the Court sees no basis for excluding other parties from presenting expert testimony on the issue of the applicable standard of care.  Therefore, the Plaintiff's Motion is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 2nd day of March 2006.