UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| GLENWOOD FARMS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> GARVE IVEY, et al., <br><br> Defendants. | Docket No. 03-CV-217-P-S |

**ORDER ON DEFENDANTS' MOTIONS CHALLENGING PLAINTIFFS' EXPERTS MOORE, GREEN & OXMAN**

Before the Court is Defendants' Motion in Limine Regarding Testimony from Plaintiffs' Experts Nancy J. Moore, Bruce A. Green and Jon S. Oxman (Docket # 389). The Court hereby DENIES IN PART this Motion.

The Court first addresses the portion of Defendants' Motion which invokes F.R.E. 702 and Daubert/Kumho Tire. Pursuant to the amended scheduling order, all Daubert motions in this case were due by July 15, 2005 (See Docket # 136.) In accordance with this deadline, Defendants filed two Daubert motions, one seeking to exclude Jon Oxman (Docket # 239) and the other seeking to exclude Nancy Fannon (Docket # 240). These motions were denied. (See Docket # 295.) The Court will not allow Defendant a second belated bite at the apple. To the extent Defendants' Motion seeks to challenge any of the three experts based on Daubert, the Court denies this portion of the Motion as untimely. See, e.g., Hill v. Principi, ___ F.3d ____, 2006 WL 400137 at * 4 (1st Cir. 2006).

Similarly, the Court finds Defendants' belated objections to the expert report of Nancy Moore pursuant to Rule 26(a)(2) to be meritless. Upon receipt of the Moore's expert report,

1

Defendant was obliged to pursue relief for all alleged deficiencies via Rule 37. Suffice it to say that any deficiency in the expert report is now harmless in light of Defendants' subsequent opportunity to depose Moore.

Finally, Defendants' Motion appears to raise some basic concerns about the scope of the expert liability testimony to be offered at trial by any and all of the liability expert witnesses slated to appear at trial. The Court anticipates addressing specific objections at trial and certainly assumes that Defendants will make any objections on the record at that time. However, by way of aiding the parties in preparing their liability experts for trial, the Court offers the following guidance on the scope of expert testimony it anticipates allowing:

Experts will be allowed to testify as to the standard of care, including giving their opinions that Defendants' conduct either was, or was not, in conformance with that standard of care. See, e.g., Mitchell v. Jackson, 627 A.2d 1014, 1017 (Me. 2001) (adopting the "sound principle" that "expert evidence is required in a legal malpractice case to establish the attorney's breach of duty 'except in cases where the breach or lack thereof is so obvious that it may be determined by the Court as a matter of law, or is within the ordinary knowledge and experience of laymen.'") (internal citations omitted). To the extent that any expert will testify about the standard of care by referencing applicable state rules of professional conduct, the Court has already indicated that application of Maine Bar Rule 1 requires that the standard of care be dictated by the bar rules of the state in which the Defendant attorney is admitted. (See Order on Choice of Law (Docket # 432) at 5 n. 3.) Thus, the Court does not anticipate allowing experts to reference the Maine Bar Rules in explaining the standard of care.

In light of the Court's ruling on choice of law, the Court does not intend to allow an expert to testify regarding conflict of law issues; such testimony is generally irrelevant in light of the Court having already ruled on all choice of law questions.

With respect to whether an attorney has a duty to a class of clients prior to the filing of a class action complaint, the Court has already invited the parties to submit proposed jury instructions so that the Court may ultimately instruct the jury on this legal question. (See Order on Reference to "Duty to the Class" (Docket # 458).) However, to the extent that Defendants are expected to testify that they perceived themselves as having such a duty and acted accordingly, Plaintiffs' experts are free to testify as to whether that perception and the actions taken in light of that perception fell within the standard of care.

Finally, Defendants have expressed concern that some experts may testify that an "alleged conflict in representation of multiple clients i[s] "non-waivable" as a matter of law." (Defs. Mot. (Docket # 389) at 8.) The Court will not allow any expert to testify that any action was or was not "waivable" *as a matter of law*. The Court anticipates allowing experts to testify that various rules of conduct would allow a waiver under certain circumstances and give their opinion as to whether those circumstances were present in this case.

To the extent Defendants sought to limit expert testimony on the Maine Bar Rules, conflict of law issues and otherwise limit experts from stating their opinions as to "matters of law," Defendants' Motion is hereby GRANTED IN PART. As to all other requests for relief, Defendants' Motion is hereby DENIED.

SO ORDERED.

                                                           /s/ George Z. Singal
                                                           Chief U.S. District Judge

Dated this 2nd day of March 2006.