## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| GLENWOOD FARMS, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket No. 03-CV-217-P-S |
| GARVE IVEY, et al., | ) ) ) | |
| Defendants. | ) ) | |

### ORDER ON PLAINTIFFS' MOTION IN LIMINE REGARDING CAUSATION

Before the Court is Plaintiffs' Motion in Limine to Exclude Evidence and Argument that Plaintiffs Must Prove Anything More Than That There Was a Reasonable Possibility of Eventual Settlement with Nestle in Order to Recover (Docket # 376). To the extent that the issues raised by this Motion overlap with the issues the Court has already addressed in its Order on "the Schlichtmann Proposal" (Docket # 459), the Court directs the parties to that Order and does not repeat its rulings with respect to a legal malpractice claim premised upon a lost settlement opportunity. With respect to new issues raised by the pending Motion, the Court DENIES the Motion as explained herein.

Plaintiffs' Motion appears to be seeking clarification as to how the Court will instruct the jury on the issue of proximate cause and whether the Court will instruct the jury that, for purposes of the breach of fiduciary duty claims, Plaintiffs need only establish causation under the more relaxed Boon standard. (See Rec. Dec. (Docket # 334) at 37-38 (discussing the Boon standard).) At this juncture, the Court reserves ruling on the question of whether Maine law calls for the application of the Boon

1

standard to Plaintiffs' claims for fiduciary duty. In light of the Court's earlier indications that the claims for breach of fiduciary duty are equitable and ultimately will be decided by the Court, there appears no reason to resolve this issue of law prior to commencement of the jury trial. (<u>See</u> Order on Pending Mot. in Limine (Docket # 431) at 2-3.)

To the extent that the jury definitely will decide Plaintiffs' claims for negligence, it is clear that Plaintiffs must prove by a preponderance of the evidence that Defendants' "'negligence played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence.'" <u>Niehoff v. Shankman & Associates Legal Center, P.A.</u>, 763 A.2d 121, 124 (Me. 2000) (quoting <u>Merriam v. Wanger</u>, 757 A.2d 778, 780-81 (Me. 2000)). It is the Court's present intention to so instruct the jury and to allow Defendants to present evidence and argument that the preponderance of the evidence does not satisfy this standard of proximate cause.

SO ORDERED.

       /s/ George Z. Singal  
       Chief U.S. District Judge

Dated this 1st day of March 2006.