UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLENWOOD FARMS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket No. 03-CV-217-P-S |
| HAGENS BERMAN SOBOL SHAPIRO LLP, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER ON OUTSTANDING PRETRIAL MOTIONS**

On March 6, 2005, following jury selection in this matter, the Court held a conference of counsel in order to resolve various pretrial motions. Having considered the parties' submissions as well as their oral presentations at the conference, the Court now issues the following rulings applicable to the jury trial, which will commence tomorrow morning.

**Defendants' Objections to Plaintiffs Deposition Designations of Witnesses Morrison and Hazard (Docket # 469)**

At the conference, it was determined that Plaintiffs did, in fact, timely designate these witnesses to testify via deposition at trial. With respect to the issue of qualifying these witnesses to give expert opinion testimony via deposition, Plaintiffs' counsel indicated that he would qualify these two witnesses as experts prior to seeking admission of their expert opinion testimony. In light of this representation, Defendants' Objections are DENIED without prejudice. As the Court indicated at the conference, it will address

1

objections as to the qualifications of these proposed expert witnesses when and if those objections are renewed at trial.

**Defendants' Motion for Clarification of Order Regarding the *Ramsey* Settlement (Docket # 473)**

This Motion is DENIED.  The Court believes its earlier order is as clear a ruling as the Court can provide prior to trial.  As the Court indicated in that order, the parties are free to renew objections at trial if they believe any particular evidence regarding the *Ramsey* settlement should be excluded under F.R.E. 403 and/or F.R.E. 611.

**Plaintiff Tear of the Clouds LLC's Motion for Clarification of the Order on References to "Duty to the Class" (Docket # 479)**

Via this Motion, Plaintiff Tear of the Clouds has asked the Court to indicate whether or not it intends to hold as a matter of law that a fiduciary's mistake of law is a defense to a breach of fiduciary duty claim.  On the related issue of when an attorney has a duty to a class as a matter of law, Plaintiffs, via multiple submissions, ask that this Court rule as a matter of law that an attorney does not owe a duty to a class of potential plaintiffs until the attorney actually files a class action complaint.  As the Court explained at the conference, this "mistake of law" evidence is clearly relevant to the negligence claims.  Therefore, in accordance with the Court's previous Order on "Duty to the Class," the Court will allow such evidence.

To the extent that the legal questions raised by this Motion involve two challenging questions of law, the Court believes that these questions are more appropriately resolved on a more complete factual record in the context of the Court drafting its final charge to the jury and/or in the context of the Court's ruling on the

equitable claim for breach of fiduciary duty. Thus, the Court reserves ruling on those questions. To the extent Plaintiff's Motion sought a pretrial evidentiary ruling excluding Defendants from testifying that they believed they owed a duty to the class prior to their filing of any class action complaint, the Motion is DENIED.

**Plaintiffs' Motions to Strike Defendants' Deposition Designations of Stanley Schwartz & Rodney Max (Docket # 488) & Plaintiffs' Objections to Defendants Designations (Docket # 489)**

At the conference, the parties agreed to confer and attempt to resolve the issues raised by these motions. If the parties fail to reach an agreement on all of the objections, Plaintiffs may renew any unresolved objections via a new motion. For this reason, these Motions are DENIED WITHOUT PREJUDICE.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 6th day of March 2006.